IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MILDRED F. BARNARD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: _____ |
| ) | |
| CAVALRY PORTFOLIO ) | |
| SERVICES, LLC, ANNA ) | Jury Trial Demanded |
| SILVA, and GARNER & ) | |
| CONNER, P.L.L.C, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### I.   INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), in their illegal efforts to collect a consumer debt.

2. The FDCPA broadly prohibits the use by debt collectors of any false, deceptive, or misleading representation or means in connection with the collection of a debt and the use by a debt collector of any unfair or unconscionable means to collect or attempt to collect a debt. *Frey v. Gangwish*, 970 F.2d 1516, 1518 (6th Cir. 1992).

1

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## III. PARTIES

5. Plaintiff Mildred F. Barnard (hereinafter "Plaintiff") is a natural person who resides in Hawkins County, Tennessee, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), a "consumer" as that term is defined by 15 § U.S.C. 6809(9), and a customer of Defendant Cavalry Portfolio Services, LLC under the GLB.

6. Defendant Cavalry Portfolio Services, LLC (hereinafter "Defendant Cavalry") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), a financial institution as that term is defined by 15 U.S.C. § 6809(3)(A), and a for-profit limited liability company organized in Colorado that maintains CT Corporation System, 800 S. Gay St., Suite 2021, 37929-9710 as its registered agent for service of process.

7. Defendant Cavalry is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumer (i.e., a debt buyer).

8. On information and belief, Defendant Cavalry pays less than ten cents on the dollar for the debts it purchases.

9. Defendant Anna Silva (hereinafter "Defendant Silva") is a natural person who is employed by Defendant Cavalry as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at her business address of 7 Skyline Drive, Hawthorne, NY 10532-2156 or her home address.

10. Defendant Garner & Conner, PLLC (hereinafter "Defendant Garner") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit professional limited liability company organized in Tennessee that maintains J. Michael Garner, PO Box 5059, Maryville, TN 37802-5059 as its registered agent for service of process.

## IV. FACTUAL ALLEGATIONS

11. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Sometime prior to January 12, 2009, Plaintiff's debt was sold or otherwise transferred to Defendant Cavalry for collection from Plaintiff, when

3

thereafter Plaintiff received collection communications and was subjected to collection acts from Defendants, all in an attempt to collect this debt.

### *January 12, 2009 Collection Letter*

13. Within one year prior to the filing of this Complaint, Defendant Cavalry sent Plaintiff a collection letter dated January 12, 2009. A redacted copy of this collection letter is filed as Exhibit 1 to this Complaint.

14. This collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

15. This communication was the initial demand letter by Defendant Cavalry.

16. This communication by Defendant Cavalry stated, among other things, that the outstanding balance of the debt was $25,121.93.

17. By failing to disclose that the outstanding balance included interest that changes periodically and by not expressly stating as of what date the amount was due or what impact payment of the stated amount would have on Plaintiff's obligation to pay later-accruing interest, Defendant Cavalry violated 15 U.S.C. § 1692g(a)(1).

18. By failing to disclose that the outstanding balance included interest that changes periodically and by not expressly stating as of what date the amount was due or what impact payment of the stated amount would have on

4

Plaintiff's obligation to pay later-accruing interest, Defendant Cavalry falsely represented the amount of the debt in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

### *April 13, 2009 Collection Letter*

19. Within one year prior to the filing of this Complaint, Defendant Garner sent Plaintiff a collection letter dated April 13, 2009. A redacted copy of this collection letter is filed as Exhibit 2 to this Complaint.

20. This collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

21. This communication was the initial demand letter by Defendant Garner.

22. This communication stated, among other things, that:

> Defendant Garner had "been retained by Cavalry Portfolio Services LLC to collect $26,190.18. In addition to this amount, there may be attorney's fees if allowed by contract or statute. Because interest, late fees, and other contractual charges may vary from day to day, the amount due may have increased since

5

the date of this letter. Please contact my office for the total amount due and remit payment directly to my office at the above address." (emphasis added)

23. By stating that they had been hired to collect $26,190.18 from Plaintiff and that Plaintiff may owe more than that amount for attorney's fees, Defendant Garner failed to state the amount of the debt in violation of 15 U.S.C. § 1692g(a)(1).

24. By stating that they had been hired to collect $26,190.18 from Plaintiff and that Plaintiff may owe more than that amount for attorney's fees, Defendant Garner falsely represented the amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f and the collection of any amount not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

## Civil Warrant and Affidavit

25. Within one year prior to the filing of this Complaint, a Civil Warrant and Affidavit were caused to be filed and served by Defendant Garner against Plaintiff and on behalf of Defendant Cavalry in the General Sessions Court of Hawkins County, Tennessee. A redacted copy of the Civil Warrant is filed as Exhibit 3 to this Complaint.

26. The Civil Warrant was a "communication" as defined by 15 U.S.C. § 1692a(2), and was served on Plaintiff in connection with collection of the debt and in an attempt to collect the debt.

27. The Civil Warrant stated that the lawsuit was being filed because Plaintiff owed Defendant Cavalry for "<u>payment not received in the amount of $18,871.57 together with interest and attorney's fees</u>, if applicable, as evidenced by the Sworn Account or Affidavit attached hereto and the costs of this action less any payments received <u>plus expenses as they continue to accrue</u>." (emphasis added)

28. The statement by the Defendants in the Civil Warrant that Plaintiff owed "$18,871.57 together with interest and attorney's fees" falsely represented or would be confusing and misleading to the least sophisticated consumer as to the amount of debt owed, especially in light of the earlier communications from the Defendants showing a much greater amount being owed, in

7

violation of 15 U.S.C. § 1692e(2)(A), and a false representation of the character, amount, or legal status of the debt is the use of a false, misleading and deceptive representation or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

29. The statement by the Defendants in the Civil Warrant that Plaintiff would be responsible for "expenses as they continue to accrue", Defendants falsely represented that Plaintiff would be responsible for paying additional expenses not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f, and the collection of any amount not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

30. Attached to the Civil Warrant was an Affidavit executed by Defendant Silva. A redacted copy of the Affidavit is filed as Exhibit 4 to this Complaint.

31. This Affidavit was a "communication" as defined by 15 U.S.C. § 1692a(2), and was served on Plaintiff in connection with collection of the debt and in an attempt to collect the debt.

32. The Affidavit stated that "[t]he balance due and owing to Cavalry Portfolio Services, LLC as assignee of Cavalry Investments, LLC by the accountholder(s) on the account as of the date hereof is $18871.57 (referred balance), plus interest at the rate of 21.98%." (emphasis added)

33. The statement by the Defendants in the Affidavit that Plaintiff owed "$18871.57 (referred balance), plus interest at the rate of 21.98%." falsely represented or would be confusing and misleading to the least sophisticated consumer as to the amount of debt owed, especially in light of the earlier communications from the Defendants showing a much greater amount being owed, in violation of 15 U.S.C. § 1692e(2)(A), and a false representation of the character, amount, or legal status of the debt is the use of a false, misleading and deceptive representation or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

9
Case 2:09-cv-00262-JRG-DHI   Document 1   Filed 11/20/09   Page 9 of 20   PageID #: 9

## Use of False Affidavit to Collect Debt

34. The Affidavit filed in the state court collection lawsuit in connection with the collection of the debt and in an attempt to collect the debt was signed under penalty of perjury by Defendant Silva.

35. The Affidavit was a "communication" as defined by 15 U.S.C. § 1692a(2), and was filed and served in connection with collection of the debt.

36. Defendant Silva, who authored the Affidavit on April 13, 2009, swore under penalty of perjury that:

    (a) "I am acting in the capacity of Legal Administrator for my employer Cavalry Portfolio Services, LLC organized in Delaware and doing business under the laws of the state of TN";

    (b) "In performing services for Cavalry Investments, LLC I am familiar with and have access to the books and records of Cavalry Investments, LLC and of Cavalry Portfolio Services, LLC";

    (c) "That the annexed statement of account against MILDRED F. BARNARD is just, true and correct according to our books and records, that the documents attached to the complaint are true and correct copies of the original and if called as a witness at trial, I can testify as to its contents"; (all caps in original) (no documents were attached)

(d) "I have reviewed the applicable computer record as it relates to the above accountholder's credit account, and I make this declaration based upon information from that review, and If [sic] called as a witness, I could testify to the following based on that review";

(e) "The balance due and owing to Cavalry Portfolio Services, LLC as assignee of Cavalry Investments, LLC by the accountholder(s) on the account as of the date hereof is $18871.57 (referred balance), plus interest at the rate of 21.98%";

(f) "That the Defendant is not believed to believed to be an active member of any branch of the armed forces of the United States of America, which belief is based upon Plaintiff's knowledge, review of credit application and/or credit reports and documents"

(g) "Upon information and belief, no Defendant [sic] is an infant or incompetent"; and

(h) "Under oath, I am authorized to make this affidavit for Cavalry Portfolio Services, LLC as assignee of Cavalry Investments, LLC, and I am informed and believe the above statements are true and correct."

37. Upon information and belief, Defendant Silva did not review any records of the originator of this debt prior to signing the Affidavit.

38. Upon information and belief, Defendant Silva did not have access to any of the records of the originator of this debt prior to signing the Affidavit.

39. Upon information and belief, the only records held by Defendant Cavalry at the time Defendant Silva signed the Affidavit were computer records which contained very limited information about Plaintiff's debt.

40. Upon information and belief, the only records that Defendant Silva reviewed prior to signing the Affidavit were the computer records of Defendant Cavalry.

41. Upon information and belief, Defendant Silva's sworn statements in the Affidavit were made without any personal knowledge of any of the facts asserted.

42. Upon information and belief, form affidavits, such as the one shown in Exhibit 4 to this Complaint, are generated automatically by a Defendant Cavalry computer upon request and are routinely provided to Defendant Cavalry employees such as Defendant Silva who sign hundreds of these each day with no personal knowledge of any of the facts asserted.

43. Upon information and belief, after Defendant Silva and the other Defendant Cavalry employees places their signature on the affidavits, they are given to another employee of Defendant Cavalry to notarize.

44. Upon information and belief, Defendant Silva and the other Defendant Cavalry employees do not personally appear before the notary and their signatures on the affidavits are not witnessed by the notary.

45. Upon information and belief, Defendant Cavalry filed the state court collection lawsuit against Plaintiff in an attempt to collect the debt using a deceptive and misleading Affidavit as the only evidentiary basis to support their claims.

46. The attestations made by Defendant Silva in the Affidavit regarding the debt, including, but not limited to the amount of the balance due and owing on the account and the amount of the interest, without any personal knowledge as to the truth of the statements, were made in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

47. Upon information and belief, Defendant Cavalry has engaged in a pattern and practice of filing lawsuits knowingly using affidavits signed by persons who lack personal knowledge of the matters attested to.

48. Upon information and belief, Defendant Cavalry uses virtually identical form affidavits in these lawsuits, alleging facts that are not in possession of Defendant Cavalry and to which their employees and/or agents have no personal knowledge.

49. By filing the state court collection lawsuit against Plaintiff in an attempt to collect the debt while knowingly using the Affidavit signed by Defendant Silva who lacked personal knowledge of the matters asserted to and which alleged facts not in possession of Defendant Cavalry, Defendant Cavalry violated 15 U.S.C. § 1692e(5), and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representation or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### *Summary*

50. The above-detailed conduct by Defendants in connection with collection of the debt, including, but not limited to falsely representing the character, amount, or legal status of the debt, threatening to take any action that cannot legally be taken, using false representations or deceptive means to collect or attempt to collect the debt, and using unfair means to collect or attempt to collect a debt,

14

was a violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### *Respondeat Superior Liability*

51. The acts and omissions of Defendant Garner, Defendant Silva and the other debt collectors employed as agents by Defendant Cavalry and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Cavalry.

52. The acts and omissions by Defendant Garner, Defendant Silva and the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Cavalry in collecting consumer debts.

53. By committing these acts and omissions against Plaintiff, Defendant Garner, Defendant Silva and the other debt collectors were motivated to benefit their principal, Defendant Cavalry.

54. Defendant Cavalry is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by its collection employees including, but not limited to violations of the FDCPA, in their attempts to collect this alleged debt from Plaintiff.

## V. TRIAL BY JURY

55. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## VI. CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

56. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

57. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

58. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

11/20/09

Respectfully submitted,

**MILDRED F. BARNARD**

_____
Alan C. Lee, Esq.
Attorney for Plaintiff
BPR #012700
P. O. Box 1357
Morristown, TN 37816-1357
(423) 586-4300
info@alanlee.com

18
Case 2:09-cv-00262-JRG-DHI   Document 1   Filed 11/20/09   Page 18 of 20   PageID #: 18

# VERIFICATION OF COMPLAINT AND CERTIFICATION

**STATE OF TENNESSEE** )
**COUNTY OF HAWKINS** )

Plaintiff Mildred F. Barnard, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants(s), cause unnecessary delay to any Defendants(s), or create a needless increase in the cost of litigation to any Defendants(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 10-30-09         By: *Mildred F. Barnard*
                           Mildred F. Barnard

19

Subscribed and sworn to before me this ___30___ day of __October__ 2009.

_____Kathy D. Sullivan_____
Notary Public
Comm expires – 5/24/11

(Seal: KATHY D. SULLIVAN, STATE OF TENNESSEE NOTARY PUBLIC, HAWKINS COUNTY)